IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

| | |
|---|---|
| SLICK SLIDE LLC ) | Case Number: |
| 4247 E. Casitas Del Rio ) | |
| Phoenix, Arizona 85050, ) | Judge: |
| ) | |
| Plaintiff, ) | Magistrate Judge: |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| Zachary Wittman ) | |
| 258 North 9th Street ) | |
| Hilbert, Wisconsin 54129 ) | |
| ) | |
| and ) | |
| ) | |
| V2 Adventure Products USA, LLC ) | |
| 153 E. 3rd Street, Suite 6 ) | |
| Kaukauna, Wisconsin 54130 ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Slick Slide LLC ("Slick Slide"), for its Complaint against Defendant Zachary Wittman and Defendant V2 Adventure Products USA, LLC ("Defendants"), states and alleges the following:

**NATURE OF THE ACTION**

1

1. This is an action for patent infringement and inducement of patent infringement, and arises under the patent laws of the United States, codified in Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff Slick Slide LLC has a place of business at 4247 E. Casitas Del Rio, Phoenix, Arizona 85050, and is a well-known provider of recreational slides.

3. Defendant Zachary Wittman, an individual, has an address at 258 North 9th Street, Hilbert, Wisconsin 54129. Defendant Zachary Wittman is a designer, supplier, manufacturer, offeror for sale, and seller of recreational slides.

4. Defendant V2 Adventure Products USA, LLC, is a Wisconsin Limited Liability Company, with a place of business at 153 E. 3rd Street, Suite 6, Kaukauna, Wisconsin 54130. Defendant V2 Adventure Products USA, LLC is a designer, supplier, manufacturer, offeror for sale, and seller of recreational slides.

## JURISDICTION AND VENUE

5. This is a patent infringement case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

6. Venue in this judicial district is appropriate based on 28 U.S.C. § 1400(b), in that the Defendants reside therein, and the Defendants have committed acts of infringement and have a regular and established place of business therein.

## BACKGROUND FACTS

7. Slick Slide is a family-friendly business, providing entertainment for children and adults in the form of innovative and customized recreational slides. Slick Slide has provided its innovative and customized recreational slides throughout the United States.

8. Slick Slide incorporates unique technology and innovative designs in its products to provide a customized experience for its customers. Slick Slide's products are also customized to its customers' environment, including amusement parks and water parks. Slick Slide's product offerings include indoor and outdoor customized recreational slides.

9. The slide designs offered by Slick Slide are the original creation of Slick Slide. By way of example only, Slick Slide's Launch Slide design is an original creation of Slick Slide.

10. Slick Slide's Launch Slide design is protected by United States Design Patent No. D973,821, entitled "Recreational Slide" ("the '821 patent"), which issued from the United States Patent and Trademark Office ("USPTO") on December 27, 2022, to inventor Gary Schmit. Mr. Schmit assigned the '821 patent to Slick Slide, which at all times relevant to this action has been the owner of the '821 patent. A copy of the '821 patent is attached to this Complaint as Exhibit A.

11. Slick Slide marks its Launch Slide, including through its website, with the '821 patent.

12. Defendant Wittman is a designer, supplier, manufacturer, and seller of recreational slides. For example, Defendant Wittman designed, supplied, manufactured, and sold the slides that are depicted in the image attached hereto as Exhibit B. In the alternative, Defendant Wittman caused the design, supply, manufacture, offer for sale, and purchase of the slides that are depicted in the image attached hereto as Exhibit B. Defendant Wittman also convinced the purchaser of the slides that are depicted in the image hereto as Exhibit B, BA NE

3

Charlotte, LLC, to have those slides, designed, supplied, manufactured, and purchased, through his promotion activities.

13. Defendant Wittman facilitated his conduct associated with Exhibit B by falsely representing that he was interested in employment or a business relationship with Slick Slide. By way of example only, for many months, Defendant Wittman attempted to associate himself with Slick Slide, either for purposes of employment or other type of business relationship, when in fact he had no intention of following through with any such employment or other type of business relationship.

14. To the contrary, Defendant Wittman engaged in a subterfuge with respect to Slick Slide, and did so with the intention of obtaining, through deceptive and unlawful means, confidential business information that only rightfully belonged to Slick Slide.

15. Defendant Wittman was successful in his subterfuge, and gained through deceptive and unlawful means confidential business information that only rightfully belonged to Slick Slide.

16. In connection with his subterfuge, and based on his knowledge of Slick Slide and the recreational slide industry generally, Defendant Wittman gained knowledge that Slick Slide's Launch Slide design is protected by the '821 patent.

17. In connection with his subterfuge, Defendant Wittman gained knowledge regarding the design, supply, manufacture, and sale of recreational slides, including slides that are intended to be a copy of Slick Slide's Launch Slide design.

18. With his knowledge regarding the '821 patent, Defendant Wittman caused the design, supply, manufacture, offer for sale, and purchase of the slides that are depicted in the

4

image attached hereto as Exhibit B. Defendant Wittman also convinced the purchaser of the slides that are depicted in the image hereto as Exhibit B, BA NE Charlotte, LLC, to have those slides, designed, supplied, manufactured, and purchased.

19. Defendant Wittman did so with the ulterior purpose of making unlawful monetary gain for himself, to the detriment of Slick Slide.

20. Defendant Wittman did so knowing that the manufacture, offer for sale, and sale of the slides that are depicted in the image hereto as Exhibit B constitutes infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide. Defendant Wittman also did so knowing that the use of the slides that are depicted in the image hereto as Exhibit B by BA NE Charlotte constitutes infringement of the '821 patent, in part because those slides are intended to be a copy of Slick Slide's Launch Slide.

21. BA NE Charlotte, LLC purchased and used the slides that are depicted in the image attached hereto as Exhibit B based on the promotion, instruction, suggestion, and advice from Defendant Wittman.

22. BA NE Charlotte, LLC was caused to purchase and use the slides that are depicted in the image attached hereto as Exhibit B by Defendant Wittman.

23. Knowing that his conduct was unlawful, Defendant Wittman formed Defendant V2 Adventure Products USA, LLC for the improper purpose of avoiding personal liability for his misconduct.

24. Defendant Wittman organized Defendant V2 Adventure Products USA, LLC such that he is the sole member, owner, and manager.

5

25. Defendant Wittman exercises sole and complete control over Defendant V2 Adventure Products USA, LLC.

26. Defendant Wittman formed Defendant V2 Adventure Products USA, LLC with minimal investment or capitalization. As such, Defendant Wittman formed Defendant V2 Adventure Products USA, LLC is not solvent or barely so.

27. Defendant Wittman and the corporation that he formed, i.e., Defendant V2 Adventure Products USA, LLC, operate as a single economic entity. As such, Defendant V2 Adventure Products USA, LLC did not need to, and in fact did not, pay any dividends or keep corporate records, and corporate formalities have not been observed. To the contrary, Defendant Wittman, as the sole member, owner, and manager of Defendant V2 Adventure Products USA, LLC, siphoned corporate funds for his sole benefit. As such, Defendant V2 Adventure Products USA, LLC simply functioned as a facade for the dominant shareholder, Defendant Wittman.

28. As a result, Defendant V2 Adventure Products USA, LLC is the alter ego and mere instrumentality of Defendant Wittman, and Defendant Wittman exercised complete domination of Defendant V2 Adventure Products USA, LLC's corporation form with respect to its business transactions. This allowed Defendant Wittman to misuse the corporate form of Defendant V2 Adventure Products USA, LLC for his personal ends, and use it to commit the wrongful conduct complained of by Slick Slide.

## COUNT I – PATENT INFRINGEMENT

29. The allegations of 1-28 are incorporated by reference as if fully set forth herein. This is an allegation of patent infringement under 35 U.S.C. § 271(a).

30. The recreational slides depicted in the image attached as Exhibit B infringe the '821 patent. The respective designs of the '821 patent and the recreational slied depicted in the image attached as Exhibit B are substantially the same such that an ordinary observer, confusing one for the other, could be induced to purchase the infringing design. By way of example only, the '821 patent depicts a novel hood design that encloses the first section of the claimed slide, and that nearly identical feature is found in the image of the accused products in Exhibit B to the Complaint. In addition, the '821 patent depicts a novel slide exit trajectory at the end of the slide design, and that nearly identical feature is found in the image of the accused products in Exhibit B to the Complaint.

31. Defendants have infringed infringe the '821 patent by their design, supply, manufacture, offer for sale, and sale of recreational slides depicted in the image attached hereto as Exhibit B.

32. Defendants' acts of patent infringement complained of herein are being carried out willfully and with full knowledge of Slick Slide's rights in the '821 patent. By way of example only, Defendants' acts of patent infringement are being carried out despite having been made aware of the '821 patent through their subterfuge with Slick Slide.

33. As a result of Defendants' actions, Slick Slide has suffered and continues to suffer substantial injury, including irreparable injury and monetary damage, including but not limited to the loss of sales and profits, which Slick Slide would have made but for the acts of infringement by the Defendants. Such injury and damage to Slick Slide will continue unless Defendants are enjoined by this Court from further infringement.

### COUNT II – INDUCEMENT OF PATENT INFRINGEMENT

34. The allegations of 1-33 are incorporated by reference as if fully set forth herein. This is an allegation of inducement of patent infringement under 35 U.S.C. § 271(b).

35. Defendants caused the design, supply, manufacture, offer for sale, and purchase of the slides that are depicted in the image attached hereto as Exhibit B. Defendants also convinced the purchaser of the slides that are depicted in the image hereto as Exhibit B, BA NE Charlotte, LLC, to have those slides, designed, supplied, manufactured, and purchased, through their promotion of the slides that are depicted in the image attached hereto as Exhibit B.

36. Through their promotion of the slides that are depicted in the image hereto as Exhibit B, Defendants convinced BA NE Charlotte, LLC to have designed, to have manufactured, to purchase, and to use the slides that are depicted in the image hereto as Exhibit B. In doing so, Defendants induced BA NE Charlotte to infringe the '821 patent and specifically intended to encourage and facilitate that infringement.

37. Defendants' acts of inducing patent infringement complained of herein were being carried out willfully and with full knowledge of Slick Slide's rights in the '821 patent. By way of example only, Defendants' acts of inducement of patent infringement are being carried out despite having been made aware of the '821 patent through their subterfuge with Slick Slide.

38. Defendants have induced infringement of the '821 patent thereby. Defendants encouraged customers and potential customers to infringe the '821 patent thereby.

39. As a result of Defendants' actions, Slick Slide has suffered and continues to suffer substantial injury, including irreparable injury and monetary damage, including but not limited to the loss of sales and profits, which Slick Slide would have made but for the acts of inducement

8

of infringement by the Defendants. Such injury and damage to Slick Slide will continue unless Defendants are enjoined by this Court from further infringement.

WHEREFORE, Slick Slide prays for the following relief against Defendants:

A. That a judgment be entered against Defendants, that the Defendants have infringed United States Design Patent No. D973,821 and have induced infringement of United States Design Patent No. D973,821.

B. That Defendants, their agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, be enjoined and permanently restrained from further infringing United States Design Patent No. D973,821.

C. That a judgment be entered requiring each Defendant to pay to Slick Slide monetary damages sustained by Slick Slide due to such acts of infringement, including lost profits or reasonable royalty under 35 U.S.C. § 284, or alternatively, the Defendants' total profit under 35 U.S.C. § 289.

D. That such damages payable to Slick Slide be trebled under 35 U.S.C. § 284 for willful infringement.

E. That this case be adjudged and decreed exceptional under 35 U.S.C. § 285, and that Slick Slide be awarded its reasonable attorney fees.

F. That Slick Slide be awarded its costs and prejudgment interest on all damages.

G. That Slick Slide be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Slick Slide hereby demands and requests trial by jury of all issues raised that are triable by jury.

Respectfully submitted,

Dated: November 7, 2023

s/ Brett A. Schatz
Brett A. Schatz
(Ohio 0072038)
WOOD, HERRON & EVANS, L.L.P.
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
Email: bschatz@whe-law.com
Telephone: (513) 241-2324
Facsimile: (513) 241-2634

Attorneys for Plaintiff
Slick Slide LLC